IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
AT OMAHA

| | |
|---|---|
| CHRISOPHER MIDGETT, individually and on behalf of similarly situated persons, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. _____<br>) |
| v. | ) **JURY DEMANDED**<br>) |
| WERNER ENTERPRISES, INC., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Christopher Midgett, individually and on behalf of all other similarly situated truck drivers, for his Complaint against Defendant, states and alleges as follows:

## INTRODUCTION

1. Plaintiff was a W-2 employee who drove tractor trailers for Defendant Werner. In or around April 2012, Werner used its onboard communication system (QUALCOMM) on several occasions to promote and encourage him to join the owner-operator program. Upon joining, Plaintiff went from being classified as a W-2 employee to a 1099 independent contractor after purchasing a used truck from Werner with about 380,000 miles on it. Plaintiff was not free to use the truck as he pleased; he was only permitted to carry loads that suited Werner's business interests. The economic reality of the deal was that Werner offloaded its overhead onto Plaintiff and avoided paying numerous business expenses and minimum wages. This created a windfall to Werner.

2. Werner used its scheme to pass on its overhead costs to its workers, to deprive Plaintiff and numerous other drivers of their minimum wages, and to offload its aging fleet of trucks onto its unsuspecting employees.

3. Despite labelling Plaintiff and other drivers as "independent contractors," the law looks to the economic reality of the relationship and not the label placed on the workers. *See Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 484 (8th Cir. 2000). The reality here is that Plaintiff and the Class were employees under the law, and Werner, as their employer, was required to ensure that they were properly paid.

4. Plaintiff brings this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; and as a class action under the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1228 *et seq.*, and Nebraska common law to recover unpaid minimum wages, improper deductions, and compensatory and liquidated damages owed to himself and all similarly situated truck drivers employed by Defendant.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

6. The NWPCA authorizes court actions by private parties to recover damages for violation of its provisions. Jurisdiction over Plaintiff's NWPCA and common law claims are based on 28 U.S.C. § 1367 (pendent claims).

7. Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendant's headquarters and offices are in this District; Defendant conducts business in this District; Defendant made policy decisions from this District, including the decision to classify its truck drivers as independent contractors; Defendant employed, controlled, managed, and supervised Plaintiff from this District; and a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

8. Defendant Werner Enterprises, Inc. is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

9. Plaintiff Christopher Midgett is employed by Defendant as a truck driver (despite being misclassified as an independent contractor since 2015). He has driven for the company since 2012. He is a citizen and resident of Atlanta, Georgia, and he transports truckload shipments of general commodities in his Werner truck for Defendant across the country. Plaintiff Midgett's consent to pursue his claim under the FLSA is attached hereto as Exhibit 1.

## GENERAL ALLEGATIONS

10. Defendant is a transportation and logistics company engaged primarily in transporting truckload shipments of general commodities in both interstate and intrastate commerce.

11. Defendant employs truck drivers to transport its truckload shipments.

### *Defendant's Scheme*

12. Defendant has a policy of contracting with truck drivers, knowingly misclassifying them as independent contractors, failing to pay them the statutorily required minimum wages, and making unlawful deductions from their earned compensation. (Plaintiff and similarly situated truck drivers, as defined below, are hereinafter collectively referred to as "Plaintiffs" and "Class Members").

13. Even though Defendant acts as Plaintiffs' employer, it benefits greatly by misclassifying them as independent contractors.

14. Defendant operates a scheme to treat Plaintiffs as independent contractors and shift its business expenses to its employees.

15. Plaintiffs pay one of Defendant's business partners, Larsen & Associates, a fee for accounting services, legal services, office supplies and postage.

16. Werner encourages and incentivizes Plaintiffs to use Larsen & Associates' specialized accounting service for Werner's owner-operator program.

17. Larsen & Associates' engagement letter provides that Larsen will manage drivers' taxes and receive monthly accounting fees from Werner.

18. Plaintiffs also pay for their own insurance, workers compensation, gas, repairs, and maintenance of their aging vehicles that are used to transport truckload shipments for Defendant.

19. By treating Plaintiffs as independent contractors instead of employees, Defendant has engaged and continues to engage in a scheme to avoid worker's compensation, unemployment payments, social security, other payroll taxes owed by employers, and other benefits otherwise owed to employees.

20. Defendant has also attempted, and continues to attempt, to avoid liability under wage protection statutes, federal labor laws, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Age Discrimination in Employment Act, Americans with Disabilities Act, Americans with Disabilities Act Amendments Act, and other statutes.

21. Defendant has shifted and continues to shift the cost of its business expenses to its employees. By doing so, Defendant is able to obtain a vast competitive advantage over competitors that treat employees in compliance with the law.

22. Defendant's pay practices drive down wages and undercut fair labor practices across the industry.

23. In addition, Defendant has been unjustly enriched by these practices.

### *Plaintiffs Are Defendant's Employees*

24. Despite classifying them as independent contractors, Defendant treats Plaintiffs similar to its properly classified Company Drivers.[1]

25. Plaintiffs are legally the employees of Defendant for numerous reasons, including, but not limited to:

   a. Defendant controls Plaintiffs' work;

   b. Plaintiffs fulfill the primary business in which Defendant engages, *i.e.*, transportation of truckload shipments;

   c. Defendant dispatches Plaintiffs to and from jobs that it wishes them to perform;

   d. Defendant monitors and controls the time of Plaintiffs' departure and the time of their arrival;

   e. Defendant gives job instructions with which Plaintiffs are obligated to comply;

   f. Defendant monitors Plaintiffs' exact location, speed, control of the truck, route, and other aspects of Plaintiffs' job performance; and

   g. Defendant prohibits Plaintiffs from freely using the trucks Plaintiffs purchase from Werner, which forces them to work for only Defendant during the lengthy terms of their leases.

### *Defendant Fails to Pay Plaintiffs Minimum Wage*

26. Defendant pays Plaintiffs based on the number of miles driven.

27. Defendant's deductions cause systematic violations of the federal minimum wage.

28. By way of example, in April 2016, Defendant paid Plaintiff Midgett gross revenues of $8,509.63. But Plaintiff's expenses, which includes items such as fuel, insurance, and

---

[1] "Company Drivers" are W-2 employees who transport truckload shipments for Defendant.

maintenance, totaled $8,430.89. Thus, Plaintiff's net payment was $78.74 for the month of April 2016. Plaintiff estimates he worked approximately 180 hours in April 2016, for an approximate hourly rate of $2.65.

29. In May 2016, Plaintiff was required to perform a costly repair to the Werner truck which resulted in a net payment of *negative* $18,611.97. Plaintiff estimates he worked approximately 163 hours in May 2016. Plaintiff's effective hourly rate for May 2016 was $0.00.

30. The federal minimum wage has been $7.25 per hour since July 24, 2009.

31. Defendant's treatment of Plaintiffs as independent contractors caused lost wages, additional tax burdens, insurance obligations, and a variety of other compensable harm.

### *Defendant Fails to Pay Plaintiffs' Wages Free and Clear*

32. Defendant, by itself and through its business partners, charged Plaintiffs by making deductions and exacting additional profits from them.

33. All truck drivers Defendant classified as independent contractors who purchased trucks from Werner had similar experiences to those of Plaintiff. They received similar pay; they incurred similar expenses; and Defendant deducted similar amounts from their pay.

34. Defendant's failure to pay Plaintiffs the proper wages required by law was willful.

35. Defendant's unlawful conduct as set forth herein has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs.

36. Defendant was aware or should have been aware that the law required it to pay Plaintiffs minimum wages for each workweek, and that Defendant could not deduct its overhead expenses from its misclassified employees.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

37. Plaintiff brings Count I as an "opt-in" collective action on behalf of himself and similarly situated truck drivers pursuant to 29 U.S.C. § 216 (b).

38. Specifically, Plaintiff brings Count I on behalf of himself and as the Class Representative of the following persons (the "FLSA Class"):

> All current and former drivers classified as independent contractors who transported Defendant's truckload shipments using trucks purchased from Werner within three (3) years of the commencement of this action.

39. This claim may be pursued by those who opt in to this case pursuant to § 216 (b).

40. Plaintiff, individually and on behalf of other similarly situated truck drivers, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential plaintiffs may be notified of the pendency of this action via mail and email.

41. Plaintiff and all of Defendant's truck drivers classified as independent contractors who purchased trucks from Werner are similarly situated in that:

   a. They have worked as truck drivers for Defendant;
   b. They have transported loads using trucks not owned or maintained by Defendant;
   c. They were classified as independent contractors;
   d. They incurred costs for expenses while transporting loads for the primary benefit of Defendant;
   e. They were subject to similar expenses;

    f.  They were subject to similar pay rates; and

    g.  They were subject to the same policy of failure to reimburse and/or improper deductions, resulting in wages below the federal minimum wage in some or all workweeks.

42.    Plaintiff brings Counts II-III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Wage Class"):

> All current and former drivers who were classified as independent contractors and transported Defendant's truckload shipments using trucks purchased from Werner within four (4) years of the commencement of this action.

43.    Counts II-III, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

44.    Plaintiff's state law claims asserted in Counts II-III satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

45.    The Wage Class satisfies the numerosity standard as it consists of at least 100 persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

46.    Questions of fact and law common to the Wage Class sought in Counts II-III predominate over any questions affecting only individual members of the Class, including, but not limited to:

    a.  Whether Defendant's classification of Plaintiffs as independent contractors is lawful;

    b.  The standard for determining whether Werner is an employer;

  c. Whether Defendant improperly deducted amounts from Plaintiffs' pay under Nebraska law; and

  d. Whether Defendant was unjustly enriched by the acts and omissions complained herein.

47.  The questions set forth above, among others, predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

48.  Plaintiff's claim is typical of the claims of the Classes he seeks to represent. Plaintiff and Class Members work or have worked for Defendant and have been subjected to common classification as independent contractors and common policies regarding deductions and leasing of trucks.

49.  Plaintiff is an adequate representative of the Wage Class sought in Counts II-III because he is a member of the Class and his interest does not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

50.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against one of the largest trucking companies in the country. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## COUNT I – FAIR LABOR STANDARDS ACT

### Failure to Pay Minimum Wage

51. Plaintiff hereby incorporates all of the relevant allegations of paragraphs 1 through 50 as though fully set forth herein.

52. At all relevant times herein, Plaintiff and all other similarly situated truck drivers in the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

53. Plaintiffs were employed by Defendant. During the relevant time frame, Plaintiffs performed work for Defendant as employees and are properly classified as employees.

54. Section 13 of the FLSA, 29 U.S.C. § 13, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated truck drivers.

55. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

56. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in interstate commerce.

57. Under section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

58. As alleged herein, Plaintiffs' hours-worked and Defendant's deductions caused Plaintiffs' wages to fall beneath the federal minimum wage.

59. Defendant knew or should have known that its pay and deduction policies, practices, and methodologies result in failure to compensate truck drivers at the federal minimum wage.

60. Defendant, pursuant to its policies and practices, violated the FLSA, and continues to violate the FLSA, by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

61. Plaintiff and all similarly situated truck drivers are victims of a uniform and employer-based compensation and deduction policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Defendant's truck drivers who Defendant misclassified as independent contractors and to whom Defendant sold Werner trucks.

62. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage less actual wages received, after deductions, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

63. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith and with reasonable grounds to believe its actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff and all similarly situated truck drivers in the FLSA Class demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3)

attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant has violated the FLSA; (6) that notice be sent to a class of similarly situated plaintiffs; and (7) such other relief as the Court deems fair and equitable.

## COUNT II – NEBRASKA WAGE PAYMENT AND COLLECTION ACT

64. Plaintiffs hereby incorporate all the relevant allegations of paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff, on behalf of himself and all others similarly situated in the Wage Class, bring Count II under the NWPCA for all pay periods prior to four years of this action, for violation of Neb. Rev. Stat. § 48-1228 *et seq.*

66. At all relevant times, Defendant has been, and will continue to be an "employer" within the meaning of the NWPCA, Neb. Rev. Stat. § 48-1229(2).

67. At all relevant times, Plaintiffs are employees of Defendant within the meaning of the NWPCA § 48-1229(1).

68. Defendant made all decisions related to the misclassification of the Class Members, issues of payroll affecting Class Members, and human resources matters from Nebraska. Defendant contracted with the Class Members from Nebraska.

69. The Nebraska minimum wage is $9 per hour.

70. At all relevant times, Defendant had a policy and practice of violating Neb. Rev. Stat. § 48-1230 by withholding, deducting, or diverting a portion of Plaintiffs' wages that was not authorized by state or federal law, or by order of a court, or by any written agreement with Plaintiffs.

71. As a result, Plaintiff and the Class have been deprived of wages, including but not limited to, minimum wages under Nebraska law.

WHEREFORE, Plaintiff and all similarly situated truck drivers of the Wage Class demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs; (4) pre-judgment and post-judgment interest as provided by law; (5) a declaration that Defendant has violated the NWCPA; (6) that notice be sent to a class of similarly situated plaintiffs; and (7) such other relief as the Court deems fair and equitable.

## COUNT III – UNJUST ENRICHMENT

72. Plaintiffs hereby incorporate all the relevant allegations of paragraphs 1 through 71 as though fully set forth herein.

73. Plaintiff, on behalf of himself and all others similarly situated in the Wage Class, bring Count III for unjust enrichment.

74. As a result of the conduct of Defendant, Defendant has retained a benefit and has been unjustly enriched at the expense of Plaintiff and members of the Wage Class.

75. Specifically, Defendant has improperly classified Plaintiff and members of the Class as independent contractors and failed to pay them their required minimum wage under federal law, and improperly withheld from their pay unauthorized deductions in violation of Nebraska law.

76. Defendant should be required to disgorge its unjust enrichment by the Court's power of equity.

77. Plaintiff contends he is entitled to equitable restitution of wages improperly withheld by the Defendant due to Defendant's unlawful characterization of Plaintiffs and Defendant's unauthorized deductions of Plaintiffs' pay.

78. In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the its wrongful acts.

WHEREFORE, Plaintiff and the Wage Class demand judgment against Defendant and request: (1) compensatory damages; (2) attorneys' fees and costs; (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in the above captioned matter.

Dated: May 30, 2018

Respectfully Submitted,

*/s/ Steven H. Howard*

Steven H. Howard, #18582
DOWD HOWARD & CORRIGAN, LLC
1411 Harney Street, Suite 100
Omaha, NE 68102
p: (402) 341-1020
f: (402) 341-0254
steve@dowd-law.com

Eric L. Dirks (*pro hac vice* forthcoming)
John F. Doyle (*pro hac vice* forthcoming)
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
p: (816) 945-7110
f: (816) 945-7118
dirks@williamsdirks.com
jdoyle@williamsdirks.com

Jack D. McInnes (*pro hac vice* forthcoming)
MCINNES LAW LLC
3500 West 75th Street, Suite 200
Prairie Village, KS 66208
p: (913) 220-2488
f: (913) 273-1671
jack@mcinnes-law.com