IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MIDGETT, individually and on behalf of similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.<br><br>Defendant. | CASE NO. 8:18-CV-00238<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the upon the stipulation of the parties for the entry of a Protective Order. (Filing No. 35.) The Stipulation is granted. Accordingly,

**IT IS HEREBY ORDERED** that a Protective Order is granted and entered as follows:

**1. Nondisclosure of Confidential Documents**

(a) "Document" means, without limiting its generality, any physical thing containing information or any written, recorded, graphic or other matter, whether produced, printed, reproduced, or stored on paper, cards, tapes, disks, belts, charges, film, computer storage devices or any other medium, including but not limited to all documents necessary to the comprehension or understandings of any designated document, such as computer code or metadata, and includes but is not limited to originals, drafts, redrafts and each separate copy of each document.

(b) Except with prior written consent of the party designating a document to be protected from disclosure or as set forth in Paragraph 2 below, no document designated as CONFIDENTIAL may be disclosed to any person or entity. A party who produces material may designate it as CONFIDENTIAL when the party in good faith believes it contains proprietary information, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. A document designated as CONFIDENTIAL means any document which

bears the legend CONFIDENTIAL or, if it is not feasible to label the document, which the producing party indicates via cover letter or otherwise at the time of production is being produced as CONFIDENTIAL.

(c) Except with prior written consent of the party designating a document to be protected from disclosure or as set forth in Paragraph 3 below, no document designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY may be disclosed to any person or entity. A party who produces material may designate it as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY when the party in good faith believes it contains highly sensitive proprietary information, trade secrets, privileged information, or nonpublic technical, financial, personal or business information. A document designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY means any document which bears the legend CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY or, if it is not feasible to label the document, which the producing party indicates via cover letter or otherwise at the time of production is being produced as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY.

(d) A party receiving from another party any document that has been designated as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY may object in writing to the designation and must state the reasons for such objection with respect to each item. The parties shall then meet and confer in good faith regarding the designation. If the parties are unable to come to an agreement regarding the designation, the party challenging the designation shall be obligated to file a motion with the Court challenging such designation. If such a motion is filed, the party designating the materials as confidential bears the burden to prove the materials should be deemed confidential.

(e) This Stipulated Protective Order shall be without prejudice to the right of any party to: bring before the Court at any time the question of whether any information or documents are

confidential; object to the production of any information or documents it reasonably considers not subject to discovery or object to their use at trial; and/or apply to or move the Court for an order compelling production of information or documents or modifying this Stipulated Protective Order.

**2.      Permissible Disclosures of CONFIDENTIAL Documents**

Notwithstanding paragraph 1, documents designated as CONFIDENTIAL may be disclosed to:

(a)     the parties and their legal counsel in these proceedings;

(b)     partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(c)     experts who will be providing professional opinions based upon a review of the CONFIDENTIAL information;

(d)     court officials involved in this litigation, including court reporters;

(e)     any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(f)     any other individual who, with the consent of the party disclosing the CONFIDENTIAL INFORMATION, has been advised of the contents of this Protective Order and has signed a non-disclosure agreement in the form of Exhibit "A."

(g)     Deposition witnesses who have been advised of the contents of this Protective Order and have signed a non-disclosure agreement in the form of Exhibit "A", unless the witness is testifying on behalf of the party disclosing the CONFIDENTIAL INFORMATION or counsel for the party disclosing the CONFIDENTIAL INFORMATION waives that requirement on the record at the deposition.

Insofar as disclosure of CONFIDENTIAL information to Professional Vendors, meaning persons or entities that provide litigation support services (e.g. photocopying, videotaping,

translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, it shall suffice that an authorized representative of the Professional Vendor signs Exhibit "A".

**3. Permissible Disclosure of CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY Documents.**

Documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY may only be disclosed to (a) counsel for the parties; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation; (c) persons with prior knowledge of the documents designated as CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY and confidential information contained therein; (d) experts who will be providing professional opinions based upon a review of the CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY information; (e) court officials involved in this litigation, including court reporters; (f) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and (g) Professional Vendors, meaning persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. A party wishing to disclose documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY to any other person or entity must first obtain prior written consent from the producing party or the Court.

**4. Securing Confidential Documents and Information.**

Counsel for the parties must keep all documents designated as CONFIDENTIAL and all documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY which are received under this Stipulated Protective Order in a secure area. Prior to receiving any document

designated as CONFIDENTIAL, any person identified in Paragraph 2(f) shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a document in the form set forth as Exhibit "A" to this Stipulated Protective Order. Prior to receiving any document designated as CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY, any person identified in Paragraph 3(d) and a person representing any Professional Vendor identified in Paragraph 3(g) shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a document in the form set forth as Exhibit "A" to this Stipulated Protective Order. Such persons provided CONFIDENTIAL information shall return or destroy all CONFIDENTIAL information to Counsel upon termination of this litigation. Counsel making disclosure to any person described herein shall retain the original executed copy of the certificate until final resolution of this litigation. Prior to receiving any document designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, and after written consent to such production has been obtained from the producing party or Court, any person other than those specifically identified in Paragraph 3 shall be provided with a copy of this Stipulated Protective Order and agree to be bound by its terms, and shall certify such agreement by signing a document of the form set forth as Exhibit "A" to this Stipulated Protective Order. Such persons provided CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY information shall return or destroy all CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY information to Counsel upon termination of this litigation. Counsel making disclosure to any person described herein shall retain the original executed copy of the certificate until final resolution of this litigation.

     **5.**     **Confidential Documents and Information in Depositions.**

     (a)     A deponent may during a deposition be shown and examined about documents designated as CONFIDENTIAL and CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY or

confidential information contained therein only if the deponent is one of the persons or entities designated in Paragraph 2 or Paragraph 3, as applicable, by agreement of the parties, or in compliance with the provisions of Paragraph 2 or Paragraph 3, as applicable. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined or asked to produce documents potentially subject to this Order. To the extent a deponent is prohibited from being shown a CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY document due to the objection of a party at a deposition, if it is later ordered that the witness may be shown such document(s), then the objecting party shall pay the expenses of any subsequent deposition of that witness if the purpose of the subsequent deposition is to use such document(s) with the witness.

(b) Parties (and deponents) may, within 30 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY by identifying by page and line the portions deemed CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEYS EYES ONLY and asking the court reporter to designate the relevant portions of the transcript as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY.. Until the expiration of the 30-day period, the entire deposition will be treated as CONFIDENTIAL pursuant to this Order. If no party or deponent timely designates information or testimony in a deposition as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, then none of the transcript or its exhibits will be treated as material protected by this Order.

**6. Filing.**

Pursuant to NECivR 5.3(c) and 7.5(a)(i) and this Protective Order, information designated confidential pursuant to this Protective Order may be filed via ECF using the "restricted document under E-Government Act" event under the "Other Documents" tab without filing a motion to seal and without filing a motion to restrict access to the document. However, the party claiming confidentiality with respect to the information or documents may file a motion to seal the records.

**7. Inadvertent Disclosure.**

(a) If a party, through inadvertence, produces any information or documents without labeling or marking or otherwise designating it as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such documents and things as confidential from the date such notice is received. Disclosure, prior to the receipt of such notice, to persons not authorized to receive confidential information shall not be deemed to be a violation of this Order.

(b) If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document(s) and/or

information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

**8.    Use.**

(a)    Persons or entities obtaining access to documents designated as CONFIDENTIAL or documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY and confidential information contained therein under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrial), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

(b)    If another court, administrative agency, tribunal, person, or entity subpoenas or orders production of information or documents designated as CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY that a party has obtained pursuant to this Order, that party shall promptly notify the producing party of the subpoena or production order. Such notice must be provided in sufficient time to give the producing party, if possible, the opportunity to participate in quashing, modifying, or otherwise responding to any compulsory process in an appropriate and timely manner. Upon the filing by the producing party of a motion to quash or for protective order, the subpoenaed party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) not to withhold production.

**9.    Non-Termination.**

The provisions of this Order shall survive the termination of this action and continue in full force and effect until further order of this Court. Within 60 days after final conclusion of all aspects of this litigation, documents designated as CONFIDENTIAL, documents designated as CONFIDENTIAL - FOR ATTORNEY'S EYES ONLY, or documents containing confidential

information, and all copies of same, shall be returned upon written request to the party or person that produced such documents, or, at the option of the producer, destroyed, except that counsel may retain one copy of all such documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein and the foregoing shall not be construed as creating any obligation to disclose documents protected by the attorney-client privilege or subject to the attorney work produce rule.

10. **Modification.**

Nothing in this Stipulation and Protective Order shall prevent any party or other person from seeking modification of this Stipulated Protective Order or from objecting to discovery that it believes to be otherwise improper.

11. **Matters of Public Record.**

This Stipulated Protective Order shall not apply to any document or materials obtained by counsel which that counsel can demonstrate:

(a) were already a matter of public record before its receipt by discovery; or

(b) became a matter of public record after discovery without fault, negligence or a violation of this Stipulated Protective Order.

IT IS SO ORDERED.

Dated this 15th day of March, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**EXHIBIT "A"**
**NONDISCLOSURE AGREEMENT**

The undersigned, _____(**print or type name of person**) hereby acknowledges that he or she received a copy of the Stipulated Protective Order entered into in the case entitled *Midgett v. Werner Enterprises, Inc.*, has read the Stipulated Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the terms of the Stipulated Protective Order and the punishment of violations thereof.

Dated: _____

_____

[Signature]

_____

_____

[Address]

2082184v5