IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MIDGETT, individually and on behalf of similarly-situated persons,<br><br>     Plaintiffs,<br><br>v.<br><br>WERNER ENTERPRISES, INC.,<br><br>     Defendant. | CASE NO.: 8:18-CV-00238<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE EXHIBITS I - N IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

**I. INTRODUCTION**

  This putative class and collective action lawsuit has been on file since May, 2018 and Plaintiff had until January 2, 2020 to disclose witnesses and evidence he intended to rely upon in support of class certification. Although case law makes clear that Plaintiff bears the burden to show other similarly situated drivers desire to opt in to the collective action, Plaintiff did not, at any point before the close of discovery, identify any other current or former Werner owner operators who wish to join this lawsuit.

  On June 15, 2020, over six months after the close of discovery, Plaintiff attempted to remedy that failure of proof by offering purported screenshots of anonymous comments posted on internet forums generally discussing Defendant Werner Enterprises, Inc. ("Werner") with his Reply Brief in Support of Class Certification. (See Filing 77-9, Plaintiff's Ex. I, Declaration of Jack McInnes ("McInnes Decl."); Filings 77-10 - 77-14, Plaintiff's Exhibits J–N). However, Plaintiff's counsel cannot provide foundation for screenshots of information from third party websites. The purported screenshots are also nothing more than inadmissible and irrelevant hearsay from unidentified declarants and there is no indication that whomever made the postings ever worked for Werner as owner operators during the class period. Moreover, Plaintiff did not identify the screenshots or the individuals who purportedly posted the comments as documents or witnesses Plaintiff would rely upon in this case. Nor did Plaintiff produce copies of that information before the January 2, 2020, deadline for discovery on

1

class certification. Plaintiff's Exhibit I, the Declaration of Plaintiff's counsel (hereinafter, the "McInnes Declaration"), also contains irrelevant information about unrelated cases filed against Werner. Because Plaintiffs' Exhibits I - N contain unauthenticated, inadmissible, and irrelevant information that was not produced before the discovery deadline, Werner is entitled to an order striking Plaintiff's Exhibits I - N.

## II.     PROCEDURAL HISTORY

This lawsuit was filed on May 30, 2018. (Filing 1, Complaint). The Court bifurcated discovery, with discovery and briefing on class certification to occur first. (Filing 39). Pursuant to the Court's Progression Orders, the parties had until January 2, 2020 to complete discovery on class certification (See Filings 39 and 61). Plaintiff served his initial disclosures regarding information relevant to class certification on April 1, 2019. (Defendant's Exhibit 1, Declaration of Joseph E. Jones ("Jones Decl."), ¶4 & Ex. A to Jones Decl., Plaintiff's April 1, 2019 Initial Disclosures ("Plaintiff's Initial Disclosures")). The only person Plaintiff identified as a "Person with Discoverable Information Plaintiffs [sic] May Use to Support Their [sic] Claims" was Plaintiff Christopher Midgett. (See id. at Ex. A, Plaintiff's Initial Disclosures, p. 1, ¶I.1). Plaintiff did not identify screenshots from internet forums, complaints from other owner operators, or any similar documents as "Relevant Documents Plaintiffs [sic] May Use to Support Their [sic] Claims." (Id. at p. 2, ¶II).

On March 10, 2020, Plaintiff filed his Motion for Class Certification. (Filing 64). On June 15, 2020, with his Reply Brief in Support of Motion for Class Certification, Plaintiff offered Exhibit I, the McInnes Declaration, with the following exhibits:

- Exhibit J, a printout of anonymous reviews of Werner from "Indeed.com";
- Exhibit K, a printout of anonymous reviews of Werner from "Glassdoor.com";
- Exhibit L, a printout of reviews of Werner from unidentifiable and anonymous authors, from "TheTruckersReport.com";
- Exhibit M, a printout of an anonymous review of Werner from "OTRDriving.com";
- Exhibit N, a printout of anonymous reviews of Werner from "SimplyHired.com."

(Filings 77-9 – 77-14). Plaintiff did not previously disclose the information attached as Exhibits J - N in discovery. (Ex. 1, Jones Decl. ¶5). That information was disclosed for the first time with Plaintiff's Reply Brief in Support of Class Certification. (Id.).

Of the 51 reviews shown in the screenshots labeled as Exhibits J - N, only 2 reviews identify the purported author as an owner operator and those reviews do not list the author's name or indicate when he or she drove for Werner. (See Filing 77-14, Page ID 1724). Other anonymous reviews shown in the screenshots are dated as far back as 2011 (Filing 77-12, Page ID 1717), and were purportedly authored by a former administrative assistant (Filing 77-10, Page ID 1702), a former transportation manager (Filing 77-11, Page ID 1708), a former logistics specialist (Filing 77-11, Page ID 1713), and spouses of drivers or former drivers. (Filing 77-12, Page ID 1715, 1719, and 1720).

## III.   ARGUMENT

### A.   The Court should strike Plaintiff's Exhibits J - N, the purported screenshots from third party websites, as unauthenticated and inadmissible hearsay.

#### 1.   Exhibits J - N have not been authenticated.

The Court should not consider the screenshots of internet postings labeled as Plaintiff's Exhibits J - N because those screenshots have not been properly authenticated. A party who seeks to offer an item of evidence must authenticate that evidence by offering "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Here, Plaintiff attempted to authenticate the screenshots by offering a declaration from Plaintiff's attorney, Jack McInnes, who states that he directed his staff to take screenshots of internet postings from certain third-party websites and Plaintiff's Exhibits J - N are "true and correct" copies of those screenshots. (Filing 77-9, Ex. I, McInnes Decl.at ¶¶2-8). However, case law makes clear that Plaintiff's counsel cannot authenticate information posted on third party websites merely by attesting that he (or others) obtained that information from the internet. Instead, **"[t]o authenticate printouts from a website, the party proffering the evidence must produce 'some statement or affidavit from someone with knowledge [of the website] . . . for example [a] web master or someone else with personal knowledge would be sufficient**.'" Fraserside IP, L.L.C. v. Youngtek Sols., Ltd., No. C11-3005-MWB, 2013 U.S. Dist. LEXIS 3779, at *44-45 (N.D. Iowa Jan. 10, 2013) (alternations in original) (emphasis added) (quoting In re Homestore.com, Inc. Sec. Litig., 347 F. Supp. 2d 769, 782-783 (C.D. Cal. 2004)). Indeed, the need to properly

3

authenticate evidence is particularly important when the information at issue was printed from the internet:

> **It is now well recognized that [a]nyone can put anything on the internet. No website is monitored for accuracy and nothing contained therein is under oath or even subject to independent verification absent underlying documentation….hackers can adulterate the content on any web-site from any location at any time. For these reasons, any evidence procured off the Internet is adequate for almost nothing**.

Internet Specialties W., Inc. v. Ispwest, No. CV 05-3296 FMC (AJWx), 2006 U.S. Dist. LEXIS 96373, at *3-4 (C.D. Cal. Sep. 19, 2006) (emphasis added) (holding that printouts from a website could not be authenticated by the person who printed them).

For these reasons, courts have refused to consider information printed from the internet as "evidence" under similar circumstances. See, e.g., id.; see also, e.g., Mukherjee v. Children's Mercy Hosp., No. 16-01291-CV-W-ODS, 2018 U.S. Dist. LEXIS 45971 (W.D. Mo. Mar. 21, 2018) (plaintiff's printout from www.glassdoor.com was not authenticated and could not be considered by the court in its analysis of the plaintiff's claim on summary judgment); Audi AG v. Shokan Coachworks, Inc., 592 F. Supp. 2d 246, 278 (N.D.N.Y. 2008) (website printouts can only be authenticated by "a knowledgeable employee of the website"); Wady v. Provident Life & Acc. Ins. Co., 216 F.Supp.2d 1060, 1064-65 (C.D. Cal. 2002) (same); Lusk v. Wells Fargo Bank, Nat'l Ass'n, No. 4:11-CV-381, 2012 U.S. Dist. LEXIS 70369, at *5 (E.D. Tex. May 21, 2012) (plaintiff's counsel could not authenticate materials from the website of the Texas state bar association because he "has no personal knowledge…regarding the contents of [that] website or the accuracy of the information displayed there"); Zinn v. Seruga, No. 05-3572 (GEB), 2009 U.S. Dist. LEXIS 89915, at *84-85 n.8 (D.N.J. Sep. 28, 2009) (plaintiff's counsel could not authenticate materials printed from a website simply by his own affidavit because people can constantly update or change websites, so a statement that something was printed from a website at some point in time is not sufficient proof of authenticity); Novak v. Tucows, Inc., No. 06-CV-1909 (JFB) (ARL), 2007 U.S. Dist. LEXIS 21269, at *17-18 (E.D.N.Y. Mar. 26, 2007) (plaintiff could not authenticate website printouts simply with his own affidavit, stating when and from where they were printed, because he "lack[ed] the personal knowledge required to set forth with any

4

certainty that the documents obtained via third party websites are, in fact, what he proclaims them to be"); St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, No. 8:06-cv-223-T-MSS, 2006 U.S. Dist. LEXIS 28873, at *5-6 (M.D. Fla. May 12, 2006) (website printouts could not be authenticated by the affidavit of the person who printed them).

Consistent with that case law, the Court should strike Plaintiffs' Exhibits J - N because those exhibits have not been properly authenticated. The McInnes Declaration does not contain any information indicating McInnes has personal knowledge regarding the Indeed.com, Glassdoor.com, TheTruckersReport.com, OTRDriving.com, or SimplyHired.com websites; the requirements for posting content on those websites; or the accuracy of the information on those websites. (See generally Filing 77-9, Ex. I, McInnes Decl.). Nor does the McInnes Declaration indicate McInnes has personal knowledge regarding the identities of the individuals who purportedly made the internet postings or whether any of those individuals ever drove as Owner Operators for Werner during the class period. Accordingly, Exhibits J - N have not been properly authenticated as required under Fed. R. Evid. 901 and should be stricken.

### 2. Exhibits J - N contain inadmissible hearsay from unidentified declarants.

Not only has Plaintiff failed to properly authenticate the screenshots marked as Exhibits J - N but the printouts are inadmissible hearsay. Where postings from internet websites are not "statements made by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings are generally hearsay under Fed. R. Evid. 801." Novak, 2007 U.S. Dist. LEXIS 21269, at *15 (citing United States v. Jackson, 208 F.3d 633, 638 (7th Cir. 2000)); see also St. Clair v. Johnny's Oyster & Shrimp, Inc., 76 F. Supp. 2d 773, 775 (S.D. Tex. 1999) ("**[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules found in FED. R. CIV. P. 807**") (emphasis added); Driver v. Chatys, No. 15 C 4041, 2017 U.S. Dist. LEXIS 160616, at *15 (N.D. Ill. Sep. 29, 2017) (concluding a printout from the "Citizens Police Data Project" website listing purported complaints against an officer was inadmissible hearsay and striking that exhibit from the summary judgment record); Pyure Brands, LLC v. Nascent Health Sci. LLC, No. 1:18-cv-23357-UU, 2019 U.S. Dist. LEXIS 227498,

5

at *11-13 (S.D. Fla. Mar. 5, 2019) (concluding screenshots of a website were "plainly hearsay because [the website] is an out of court statement not made by [the parties] or their webmaster" and the screenshots offered to prove the truth of the matter asserted).

Here, Plaintiff is clearly offering the screenshots for the truth of the matter asserted because Plaintiff claims the screenshots amount to "evidence of complaints from other drivers" and prove "other Werner truck drivers would be interested in joining [this] class action." (Filing 77, Plaintiffs' Reply Brief in Support of Plaintiff's Motion for Class Certification, pp. 26-27). In other words, Plaintiff offers the screenshots for their truth, to prove other drivers were upset with Werner and/or unhappy with their pay or working conditions. Plaintiff cannot use out-of-court statements in unauthenticated website printouts to prove the truth of the matters asserted therein. See Novak, 2007 U.S. Dist. LEXIS 21269, at *15; Driver, 2017 U.S. Dist. LEXIS 160616, at *15); Pyure Brands, LLC, 2019 U.S. Dist. LEXIS 227498, at *11. Plaintiff's attempt to use the complaints for the truth of the matter asserted is particularly troublesome here, because the vast majority of the printouts are either totally anonymous or only vaguely identify the purported author with names such as "Truck Turner," "Mark," "KC," or "Stacy B." (See, e.g., Filing 77-11, Ex. K (containing only anonymous comments); Filing 77-12, Ex. L, Page ID 1715 & 1719). Accordingly, Werner has no way of investigating or even identifying the individuals who purportedly posted the reviews shown in the screenshots. For these reasons, Exhibits J - N should be stricken as inadmissible hearsay. See, e.g., McElmurry v. US Bank Nat'l Ass'n, No. 04-642-HU, 2006 U.S. Dist. LEXIS 89875, at *5 (D. Or. Dec. 8, 2006) (striking exhibits "on hearsay grounds because they contain unsigned, unsworn statements by unidentified declarants and are offered for the truth of their contents"); Hodzic v. FedEx Package Sys., Civil Action No. 15-956, 2016 U.S. Dist. LEXIS 148067, at *29 (W.D. Pa. Oct. 26, 2016) (rejecting declarations relying on "hearsay from unnamed declarants").

This exact issue was addressed in Medley v. S. Health Partners, Inc., No. 1:17-cv-00003, 2017 U.S. Dist. LEXIS 129776 (M.D. Tenn. Aug. 15, 2017), where the plaintiff offered a printout from Indeed.com, purporting to show reviews from current or former employees, to support her motion for conditional certification on her FLSA wage claim. The Medley court noted "**the reviews themselves are hearsay that bear no indicia of**

**reliability" because they were "unsworn, anonymous statements, and the plaintiff does not claim to know any of the review writers personally or even to know their identit**y." Id. at *23 (emphasis added). Additionally, the court noted the plaintiff "**cannot attest that the reviews were actually written by current or former employees of [the defendant], and she has not personally observed the working conditions of the facilities at which the reviewers worked**." Id. at *24 (emphasis added). Under these circumstances, **the court found the Indeed.com printout was "so completely devoid of reliability that it cannot be taken into consideration**." Id (emphasis added). Because the plaintiff offered no other evidence of similarly situated employees interested in joining the lawsuit, the court concluded the plaintiff had "not made even the 'modest factual showing' required" to bring a collective action, and denied her motion for conditional certification. Id.

That same logic applies here. The reviews in Exhibits J – N are unsworn, unverified, and almost entirely anonymous. Plaintiff's counsel cannot attest that any of the reviews were actually written by current or former drivers for Werner, much less that any of those individuals were Owner Operators during the class period. Just like the anonymous reviews rejected in Medley, the reviews proffered by Plaintiff have "no indicia of reliability" and should not be considered by this Court. Id. at *23-24.

### B. Plaintiff's Exhibits J - N are irrelevant because there is no evidence that any of the individuals referenced in the screenshots are members of the putative class or that they desire to join this lawsuit.

Exhibits J – N are also irrelevant. Rule 401 of the Federal Rules of Evidence defines evidence as "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Rule 402 provides that relevant evidence is generally admissible, but irrelevant evidence is not." Langenbau v. Med-Trans Corp., 167 F. Supp. 3d 983, 991 (N.D. Iowa 2016). This case concerns whether owner operators, who contract with Werner to use trucks they own or lease to deliver freight for Werner's customers are properly classified as independent contractors or employees. (See, e.g., Filing 60, Second Amended Complaint, ¶¶ 1-4, 24-25, 38 & 43). The putative class consists of drivers who drove for Werner as owner operators between May, 2014

7

and May, 2019, and who owned or leased their trucks. (Id. at ¶38, 43; Filing 77, Plaintiff's Reply Brief in Support of Class Certification (recognizing the class period ends in May, 2019)). However, only 2 of the 51 reviews contained in Exhibits J - N identify the purported author as an owner operator and neither of those reviews lists the author by name or indicates when he or she purportedly drove for Werner. (Filing 77-14, Page ID 1724). Other reviews make clear the author did *not* work for Werner as an owner operator, as the reviewers purport to be a former administrative assistant (Filing 77-10, Page ID 1702), a former transportation manager (Filing 77-11, Page ID 1708), a former logistics specialist (Filing 77-11, Page ID 1713), and spouses of drivers or former drivers. (Filing 77-12, Page ID 1715, 1719, and 1720). Certain other reviews suggest the author worked for Werner as far back as 2011 or 2012, well outside the class period. See, e.g., Filing 77-12 at Page ID 1717 (stating, "I drove for Werner for 8 years" on May 16, 2011) and Page ID 1718 (stating, "i [sic] just quit werner [sic]" on July 3, 2012). Because there is no evidence the reviews shown in Exhibits J - N were posted by Werner owner operators who drove for Werner during the class period, Exhibits J–N are irrelevant and should be stricken. See Davenport v. Charter Communs., LLC, 302 F.R.D. 520, 529 n.6 (E.D. Mo. 2014) (evidence relating to positions excluded from the class definition are irrelevant); see also, e.g., Gorence v. Eagle Food Ctrs., 242 F.3d 759, 762-63 (7th Cir. 2001) (describing the "litany of complaints about a myriad of workplace decisions…not really involved in this case" and stating, "it is simply not true...that if a litigant presents an overload of irrelevant or nonprobative facts, somehow the irrelevancies will add up to relevant evidence"); Olson v. Ford Motor Co., 410 F. Supp. 2d 869 (D.N.D. 2006) (excluding evidence as irrelevant when it was unrelated to the specific issue at bar).

    Not only is there no evidence the authors of the reviews in the screenshots are members of the putative class but Exhibits J - N are also irrelevant because there is no indication that any of those individuals wish to join this lawsuit. Plaintiff bears the burden to show that "other similarly situated individuals *desire to opt in to the litigation*." Parker v. Rowland Express Inc., 492 F. Supp. 2d 1159, 1164-65 (D. Minn. 2007) (emphasis added). Plaintiff baselessly claims the screenshots of anonymous complaints show that "other aggrieved persons exist" and "other Werner truck drivers would be interested in

8

joining a class action." (Plaintiffs' Brief, pp. 25-26). Contrary to Plaintiff's unsupported arguments, Plaintiff cannot meet his burden simply by asserting that there may be other similarly situated employees, "because there is no guarantee that those persons will actually join the lawsuit." Parker, 492 F. Supp. 2d at 1164-65 (concluding plaintiffs could not satisfy their burden to show other similarly situated employees wished to join the lawsuit merely by offering evidence that other similarly situated employees existed, without evidence that any of those employees wanted to join the lawsuit, and denying motion for conditional certification because the plaintiffs did not identify any other employee who actually wanted to join the lawsuit). Because there is no indication that any of the individuals identified in Exhibits J - N wish to join this lawsuit (or even that they are members of the putative class), Exhibits J - N should be stricken as irrelevant.

### C. Plaintiff's Exhibits J - N should be stricken because those Exhibits were neither identified nor disclosed during discovery.

Plaintiff's Exhibits J - N should also be stricken because Plaintiff did not disclose that information before the close of discovery on class certification. The *only* person Plaintiff identified as an individual he would rely on in support of his claims was himself. (Ex. 1, Jones Decl. ¶4 & Ex. A to Jones Decl., Plaintiff's Initial Disclosures, p. 1, ¶1). Plaintiff did not list or produce screenshots, complaints from other owner operators, or any similar documents as information he would rely on in support of his claims. (Compare Ex. A, Plaintiff's Initial Disclosures, with Filings 77-10 – 77-14). Plaintiff first disclosed the screenshots in Exhibits J - N with his Reply Brief in support of class certification. (Ex. 1, Jones Decl. ¶5).

"Discovery is intended to make trial 'less of a game of the blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" Torre v. Northrop Grumman Sys. Corp., No. 8:13CV319, 2016 U.S. Dist. LEXIS 8752, at *7 (D. Neb. Jan. 26, 2016) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 683, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958)). Accordingly, the Federal Rules of Civil Procedure require a party, without awaiting a discovery request, to provide the other party with copies of documents and the identity of any witness the party may use to support its claims or defenses. See Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii). A party is also under an obligation to supplement initial disclosures and responses to

9

written discovery. See Fed. R. Civ. P. 26(e)(1). "**If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial[.]**" Fed. R. Civ. P. 37(c)(1). Unless a party's failure to disclose information pursuant to Rule 26(a) is harmless or substantially justified, the court should exclude the proffered evidence. See id., see also Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008-09 (8th Cir. 1998). "The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure." United States v. Stabl, Inc., No. 8:11CV274, 2013 U.S. Dist. LEXIS 72624, at *23 (D. Neb. May 21, 2013) (citation omitted).

Here, Plaintiff does not even attempt to argue that his failure to produce the screenshots in Exhibits J - N earlier is harmless or was substantially justified. This lawsuit has been on file since May, 2018 and Plaintiff had until January 2, 2020 to produce documents or identify witnesses he would rely on in support of class certification. (Filing 1, Complaint; Filing 39, Final Progression Order (limited to class certification); Filing 61, Amended Final Progression Order (limited to class certification), ¶1). Because Plaintiff did not identify a single other driver who wished to join this lawsuit by that deadline, Werner predicated its opposition to Plaintiff's Motion for Class Certification, in part, on the fact that Plaintiff lacked that crucial evidence. (Filing 69, Werner's Brief in Opposition to Plaintiff's Motion for Class Certification, pp. 39-43). It would be unjust to allow Plaintiff to offer additional evidence now, after the close of discovery and armed with the benefit of having reviewed Werner's arguments on class certification. Moreover, because discovery on class certification has closed and most of the reviews are from anonymous or unidentifiable authors, Werner has no way of investigating those reviews. For these reasons, the Court should strike Plaintiff's Exhibits J - N. See, e.g., Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008-09 (8th Cir. 1998) (concluding the plaintiff could not offer new evidence after the close of discovery, as part of his opposition to the defendant's motion for summary judgment, because the defendant formulated its strategy for motion practice based on the evidence (or lack thereof) disclosed by the discovery deadline); see also, e.g., Philip v. Ford Motor Co.,

328 F.3d 1020, 1024 (8th Cir. 2003) (affirming exclusion of evidence not disclosed during discovery).

### D. Plaintiff's Exhibit I, the McInnes Declaration, contains irrelevant information about other unrelated cases filed against Werner. The fact that other lawsuits have been filed against Werner does not prove that other owner operators in the putative class wish to join this lawsuit.

The Court should also strike Plaintiff's Exhibit I, the McInnes Declaration. The vast majority of the McInnes Declaration is devoted to attempting to authenticate the screenshots offered as Exhibits J - N, which should not be admitted or considered by this Court for the reasons already stated. If the Court strikes Exhibits J - N, the Court should similarly disregard ¶¶2-8 of the McInnes Declaration, which relate to those exhibits. Paragraph 9 in the McInnes Declaration lists various other class action lawsuits that have been filed against Werner, which Plaintiff's counsel claims demonstrate that "Defendant's drivers have been interested in past litigation." (Filing 77-9, McInnes Decl. ¶9). However, Plaintiff bears the burden to show that "other similarly situated individuals desire *to opt in to [this] litigation*." Parker v. Rowland Express Inc., 492 F. Supp. 2d 1159, 1164-65 (D. Minn. 2007) (emphasis added). Plaintiff cannot satisfy that burden simply by showing that other lawsuits have been filed against Werner in the past. McInnes does not allege that any of those prior lawsuits involved owner operators. (See Filing 77-9, McInnes Decl. ¶9). More to the point, the fact that other lawsuits have been filed against Werner regarding wage issues does not prove there are other similarly situated owner operators who wish to join *this* lawsuit. See e.g., Parker, 492 F. Supp. 2d at 1164-65 (concluding plaintiffs could not satisfy their burden to show other similarly situated employees wished to join the lawsuit merely by offering evidence that other similarly situated employees existed "because there is no guarantee that those persons will actually join the lawsuit," and denying motion for conditional certification because the plaintiffs did not identify any other employee who actually wanted to join the lawsuit). Accordingly, the information set forth in ¶9 of the McInnes Declaration is irrelevant.

### IV. CONCLUSION

For the foregoing reasons, Werner requests an Order striking Plaintiff's Exhibits I - N offered in support of Plaintiff's Motion for Class Certification and requests that the

11

Court disregard that inadmissible, irrelevant, and undisclosed information in ruling on Plaintiff's Motion for Class Certification.

                        WERNER ENTERPRISES INC.,
                        Defendant

           By:   /s/ Elizabeth A. Culhane
                 Joseph E. Jones, #15970
                 Elizabeth A. Culhane, #23632
                 Fraser Stryker PC LLO
                 409 S. 17th Street
                 500 Energy Plaza
                 Omaha, Nebraska 68102
                 (402) 341.6000
                 (402) 341.8290 - facsimile
                 jjones@fraserstryker.com
                 eculhane@fraserstryker.com
                 ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the District of Nebraska using the CM/ECF system this 24th day of June, 2020, which system sent notification of such filing to counsel of record.

                                  Elizabeth A. Culhane

2381895v2