IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MIDGETT, individually and on behalf of similarly situated persons;<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendant. | 8:18CV238<br><br>**ORDER AND FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Motion to Amend (Filing No. 76); Plaintiff's Motion for Class Certification (Filing No. 64); and Defendant's Motion to Strike (Filing No. 82). For the reasons explained below, Plaintiff's Motion to Amend will be granted. Additionally, it will be recommended to Senior United States District Court Judge Joseph F. Bataillon that Plaintiff's Motion for Class Certification be granted, in part, and that Defendant's Motion to Strike be denied as moot.

## BACKGROUND

Plaintiff filed this suit on May 30, 2018, alleging a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and a class action under the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. § 48-1228, *et seq*. Plaintiff seeks to recover unpaid minimum wages allegedly owed to Plaintiff and similarly situated truck drivers employed by Defendant. Plaintiff also alleges a Nebraska state law claim for unjust enrichment. Plaintiff contends Defendant has a policy of misclassifying owner-operator drivers, such as himself, as independent contractors. Plaintiff alleges that because Defendant did not pay his expenses while he was an independent contractor, there were weeks he made less than minimum wage.

Plaintiff filed an amended complaint (Filing No. 6) on June 1, 2018 and the Court entered a progression order on April 2, 2019 (Filing No. 39). The progression order expressly applied to the issue of class certification only. The progression order set June 15, 2019 as the deadline to amend pleadings. On November 22, 2019, approximately five months after the deadline to amend pleadings, the parties filed a stipulation agreeing that Plaintiff could file a second amended complaint (Filing No. 58). The stipulation contained proposed dates for extensions of the deadline for discovery related to class certification, for filing motions to compel, and for filing a motion for class certification. The stipulation was granted by the Court and Plaintiff filed a second amended complaint on November 25, 2019 (Filing No. 60). An amended progression order (Filing No. 61) was entered on November 26, 2019, adopting the deadlines proposed by the parties. The amended progression order only applied to the issue of class certification. It did not include a deadline for filing amended pleadings.

Plaintiff filed his motion for class certification on March 10, 2020 (Filing No. 64). Plaintiff filed his motion to amend on June 15, 2020 (Filing No. 76). Defendant filed its motion to strike on June 24, 2020 (Filing No. 82).

**DISCUSSION**

1. **Plaintiff's Motion to Amend Second Amended Complaint**

Under Federal Rule of Civil Procedure 15(a), a court should grant leave to amend freely "when justice so requires." However, there is no absolute right to amend. Denial of leave to amend "may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557 (8th Cir.2006) (quotation omitted). Moreover, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008) (citation omitted). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 948 (8th Cir. 2012) (quotation omitted). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.,* 127 F.R.D. 165, 166 (W.D. Mo. 1989).

Plaintiff seeks leave to amend his second amended complaint to substitute his currently pled NWPCA claim for a claim under the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 *et seq*. Plaintiff's proposed amendment changes references to the NWPCA to the NWHA. The second amended complaint is otherwise unchanged. Plaintiff argues leave to amend should be given freely under Rule 15 because the merits phase of this lawsuit has not started and the progression orders relate to class certification only. Plaintiff further maintains that there is good cause for amendment because *Mays v. Midnite Dreams, Inc.*, 300 Neb. 485, 915 N.W.2d 71 (2018), which was decided after Plaintiff filed this action, clarified that his claim should more appropriately be brought under the NWHA.

In *Mays*, the plaintiff sued the operator of the bar who contracted with dancers to lease his facilities with compensation only from customer tips. The plaintiff alleged violations of the FLSA, NWHA, and NWPCA. The court found relief under the NWPCA was unavailable, stating than an employee does not have a cause of action under the NWPCA "where no regular payday has been established and he or she has never received payment from his or her employer." *Id*. at 507, 915 N.W.2d at 507. The court further stated that "an employee denied minimum wage compensation for employment that has no regular payday may only proceed to recover under the [NWHA]." *Id*.

Defendant opposes Plaintiff's motion to amend arguing the deadline for filing amended pleadings expired and Plaintiff has not shown good cause for amendment. Defendant argues *Mays* did not establish new precedent and Plaintiff's failure to investigate and understand the applicable law earlier establishes Plaintiff did not act diligently. Defendant further argues it would be prejudiced if Plaintiff is granted leave to amend because the proposed NWHA claim materially alters the class certification analysis and raises new, individual issues that have not been the subject of discovery.

Having considered the matter, the Court will grant Plaintiff leave to amend. Per the request of the parties in their Rule 26(f) report (Filing No. 35), the progression orders entered in this case expressly apply to class certification only. The deadlines set out in the progression orders do not govern the entirety of this case. Because the merits phase of this lawsuit, including discovery, has yet to begin, allowing amendment at this time would not unduly prejudice Defendant. The factual allegations in the second amended complaint are not being modified and the scope of discovery will remain the same.

Also, there is good cause for amendment. Upon realizing he may have brought his action under the wrong statutory scheme based on case law decided after this case was filed, Plaintiff sought to remedy the situation by filing a motion to amend. Leave to amend was sought before commencement of the merits phase of this lawsuit. Plaintiff acted diligently in seeking amendment. Further, amendment of Plaintiff's state law claims will not impact the analysis of class certification because, as explained below, the evaluation of whether these claims should be certified will be postponed pending further discovery.

### 2. Conditional Certification of FLSA Claim

Plaintiff seeks to conditionally certify Count I as a FLSA collective action. Plaintiff defines the FLSA class as follows:

> All current and former drivers classified as independent contractors who transported Defendant's truckload shipments using trucks they owned or leased within three (3) years of the commencement of this action.

Plaintiff's motion also seeks permission to send notice to FLSA class members informing them of their right to join the suit. Plaintiff would like to send notices through mail, email, and text message. Plaintiff would also like to send reminder notices by mail and email.

Under the FLSA, a collective action may be maintained by any employee "for and on behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay minimum or overtime wages. 29 U.S.C. § 216(b). An FLSA "collective action" is different from a Rule 23 class action. *Cortez v. Nebraska Beef, Inc.*, Nos. 8:08CV90, 8:08CV99, 2008 WL 5076254, at *3 (D. Neb. Nov. 21, 2009). "'In a class action, a potential plaintiff's claim is automatically included in the case unless he expressly 'opts out' of the class. By contrast, a potential plaintiff's claim will be included in a collective action *only* if he expressly opts *in* to the action.'" *Id.* (quoting *Parker v. Rowland Express, Inc.,* 492 F.Supp.2d 1159, 1163 (D. Minn. 2007)).

"[C]ourts generally follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are 'similarly situated' to other potential plaintiffs." *Id.* (quotation omitted). "'At the first stage, a class is conditionally certified on a relatively minimal showing,

4

and then prospective plaintiffs can opt in to the action by filing consent forms.'" *Cortez*, 2008 WL 5076254, at *4 (quoting *Parler v. KFC Corp.*, 529 F.Supp.2d 1009, 1011 (D. Minn. 2008)). The first stage "may be based only on the pleadings and any affidavits in the record." *Cortez*, 2008 WL 5076254, at *4. The court does not "make any credibility determinations or findings of fact with respect to contrary evidence presented by the parties at this initial stage." *Cortez*, 2008 WL 5076254, at *4 (quotation omitted).

During the first stage, the plaintiffs must present evidence "establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan." *Id*. "'A colorable basis means that plaintiff must come forward with something more than the mere averments in its complaint in support of its claim.'" *Id*. (quoting *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278–79 (D. Minn.1992)). "Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted." *Cortez*, 2008 WL 5076254, at *4 (quotation omitted).

The second stage or final determination is usually made "after discovery is largely complete and the matter is ready for trial" when the court is able to make "a factual determination on the similarly situated question." *Morales v. Greater Omaha Packing Co., Inc.*, 2009 WL 1650016, *3 (D. Neb. June 9, 2009) (quotation omitted). At the second stage, "plaintiffs must make a stronger showing to continue to proceed on a collective basis." *Parler*, 529 F. Supp.2d at 1011. "If plaintiffs cannot make this stronger showing at the second stage, the conditionally certified class is decertified." *Id*. The second stage is typically triggered when the defendant moves to decertify the conditionally certified class. *Id*.

The undersigned finds Plaintiff has presented evidence establishing a colorable basis that the putative class members were victims of a single decision, policy, or plan. Here, based on the evidence before the Court, a common policy or practice exists regarding the classification of owner-operators drivers as independent contractors. Plaintiff submitted evidence that Defendant uses similar or identical types of agreements, policies, and pay structures in connection with their engagement of owner-operators. (Filing No. 66-1; Filing No. 66-2.) Further, Plaintiff presented

evidence that Defendant has acknowledged that there have been times when other owner-operators received less money than the amounts that were deducted from their revenue. Defendant indicated in deposition testimony that this happened regularly. (Filing No. 66-2). This evidence suggests there may be other owner-operator drivers who share the same grievance as Plaintiff regarding minimum wage and who may want to "opt in" to this action. *See Fontenot v. McNeil Industrial, Inc*., No. 17-cv-3113, 2018 WL 5724863, at *3 (D. Neb. Sept. 19, 2018) (conditionally certifying FLSA collective action where it was alleged that potential members performed the same or similar job duties, were subject to the same or similar policies and procedures, and worked similar hours).

Defendant argues that conditional certification should be denied because the determination of whether owner-operators were misclassified would require individualized proof. However, "the question of whether a worker was improperly classified as an independent contractor goes to the merits of a case and should not be evaluated at the notice stage of conditional certification." *Fontenot*, 2018 WL 5724863, at *4. *See also Richard v. Flower Foods, Inc.*, No. 6:15-CV-2557, 2016 WL 6989349, *7 (W.D. La. Nov. 28, 2016) (stating that "such inquiry as to the true employment status of Plaintiffs should be addressed at the decertification stage after discovery has occurred"). Therefore, the undersigned will recommend that this action be certified as a FLSA collective action. Defendant may move, should it choose, for decertification following full discovery.

The district court, in its discretion, may authorize the named plaintiffs to transmit notice of the lawsuit to potential class members upon a showing the named plaintiffs are similarly situated to the others whom they seek to represent. *Parker v. Rowland Express, Inc.,* 492 F.Supp.2d 1159, 1163 (D. Minn. 2007). Plaintiff submitted a proposed notice along with his Motion for Class Certification. (Filing No. 66-7.) The proposed notice includes information regarding a FLSA collective action and a class action under Federal Rule of Civil Procedure 23. However, because, as explained below, a Rule 23 class will not be certified at this time, the proposed notice needs to be modified to remove all references to a Rule 23 class. Therefore, Plaintiff will be given leave to submit a revised notice for final review and approval.

Plaintiff proposes that potential class members be given ninety days from the date of the order granting conditional certification to opt into this action and that potential class members be

allowed to submit consent forms by mail or electronically. The undersigned finds this proposal acceptable.

Plaintiff would like to send notice of the lawsuit to potential class members using mail, email, and text message. Plaintiff would also like to send potential class members a reminder postcard and email. The undersigned agrees that transmission of the notice through mail and email is appropriate. However, the undersigned believes reminder notices are excessive. *See Fontenot, 2018 WL 5724863, at *4* (disallowing reminder notices). Further, the undersigned finds notice by text message excessive and potentially invasive of potential class members' right to privacy. *See Fontenot, 2018 WL 5724863, at *4.* Therefore, Plaintiff will not be granted leave to contact potential class members' via text message. Accordingly, Defendant will only be ordered to provide Plaintiff with potential class members' last known addresses and email addresses.

### 3. Class Certification of Nebraska State Law Claims

Plaintiff alleges that Defendant's classification of owner-operators as independent contractors violates the NWPCA because Defendant does not ensure that owner-operators receive minimum wages. Plaintiff claims this practice unjustly enriches Defendant.[1] Plaintiff seeks to certify the following class:

> All current and former drivers classified as independent contractors and transported Defendant's truckload shipments using trucks they owned or leased within four (4) years of the commencement of this action.

Rule 23 of the Federal Rules of Civil Procedure governs the requirements for certification of a class action lawsuit. "In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt, 40 F.3d 255, 258-59 (8th Cir. 1994).* Pursuant to Rule 23, one or more members of a class may sue or be sued as representative parties on behalf of all members if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are

---

[1] Plaintiff has been given leave to change the statutory citation in his second amended complaint to allege an action under the NWHA, rather than the NWPCA. However, the facts and general allegations contained in Plaintiff's second amended complaint will not be changed.

7

typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation"). Fed. R. Civ. P. 23.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Fed. R. Civ. P. 23(b) to obtain class certification. Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which allows a class action if questions of law or fact common to members of the class predominate and the class action is a superior method for adjudication. Fed. R. Civ. P. 23(b)(3).

The undersigned believes the prudent course at this point is to deny the motion for Rule 23 class certification until the time for persons to "opt in" to the collective action has closed. *See Culpepper v. Bank of America, National Ass'n,* No. 3:17-CV-00264 (VAB), 2019 WL 343253 (D. Conn. Jan. 28, 2019) (granting conditional FLSA certification and denying Rule 23 certification without prejudice to re-filing following a second phase of discovery); *Thiebes v. Wal-Mart Stores, Inc.,* No. 98-802-KI, 1999 WL 1081357, at *4 (D. Or. Dec. 1, 1999) (allowing FLSA collective action to proceed for notice and discovery purposes, but declining Rule 23 certification for state law claims while granting the plaintiff leave to re-file a motion for class certification after the close of the opt-in period for the FLSA collective action); *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, No. 02 C 50188, 2002 WL 31819226 (N.D. Ill. Dec. 16, 2002) (conditionally certifying FLSA claim while waiting for "opt in" period to close to evaluate Rule 23 class action certification); *Goldman v. RadioShack, Corp*., No. Civ. A. 2:03-CV-0032, 2003 WL 21250571 (E.D. Penn. Apr. 16, 2003) (conditionally certifying FLSA collective action while postponing Rule 23(b)(3) finding until the close of discovery).

Waiting to analyze whether a class action should be certified to see how many individuals do, in fact, choose to join in the collective action will help the Court determine whether a class action is superior to other methods adjudicating the controversy. At that point, the experiences of the individuals involved can be ascertained which will help the Court evaluate whether Plaintiff is an adequate class representative. The Court will also be better able to determine whether common issues of fact and law predominate. Additionally, Defendant will have an opportunity to brief any issues it deems necessary related to class certification due to the filing of a third amended

complaint, and to file any other response to the third amended complaint it believes appropriate. Following the expiration of the opt in period, the undersigned will hold a telephone conference with the parties to discuss further case progression. During the opt in period, the parties may continue discovery related to class certification.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend ([Filing No. 76](#)) is granted. Plaintiff shall file his third amended complaint by October 14, 2020.

**IT IS FURTHER ORDERED** that Plaintiff submit a revised FLSA collective action notice to the undersigned by October 27, 2020. The proposed notice shall comply with the provisions in this Order.

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Joseph Bataillon that:

1. Plaintiff's Motion for Class Certification ([Filing No. 64](#)) be granted, in part, as set out above.

2. An FLSA class of all current and former drivers classified as independent contractors who transported Defendant's truckload shipments using trucks they owned or leased within three years of the commencement of this action be conditionally certified.

3. That FLSA putative class members be given ninety days after the Court's order granting conditional certification to join this action.

4. That potential class members be allowed to submit consent forms by mail or electronically.

5. Defendant be required to provide to Plaintiff's counsel a list of all individuals who meet the FLSA class description, including their last known addresses and email addresses, within fourteen days of the issuance of the order granting conditional certification.

6. Plaintiff be authorized to send notice to potential class members through first-class mail and email.

7. Defendant's Motion to Strike (Filing No. 82) be denied as moot.

Dated this 13th day of October, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.