IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTOPHER MIDGETT, individually and
on behalf of similarly situated persons,

Plaintiff,

vs.

WERNER ENTERPRISES, INC.

Defendant.

8:18CV238

MEMORANDUM AND ORDER

This matter is before the Court on defendant Werner Enterprises, Inc.'s objections, Filing Nos. 96, 97 & 98, to the Order and Report and Recommendation and the Supplemental Findings and Recommendations of the Magistrate Judge, Filing Nos. 92 and 99, on the plaintiff's motion for certification as a class and collective action, Filing No. 64, and on the plaintiff's motion to amend, Filing No. 76, on defendant's motion to strike, Filing No. 82, as well as the parties' joint motion to correct the recommended class definition and to revise the class notice, Filing No. 98, and on defendant's motion construed as a renewed objection to the Findings and Recommendations of the Magistrate Judge, Filing No. 100. This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Nebraska Wage and Hour Act, Neb. Rev. Stat. § 48-1201, et seq.

The Magistrate Judge issued an Order and Findings and Recommendation (hereafter, "Order"), granting the plaintiff leave to file a third amended complaint (Filing No. 76), granting in part and denying in part the plaintiff's motion for class certification (Filing No. 64), and denying defendant's motion to strike (Filing No. 82) as moot. The Magistrate Judge conditionally certified Plaintiff's FLSA collective action and deferred

ruling on certification of a Federal Rule of Civil Procedure 23 class until the time for persons to "opt in" to the collective action has closed.  On an agreed motion, the Magistrate Judge later modified the FLSA collective action class and approved a revised notice.

The defendant objects to the Magistrate Judge's order granting leave to amend, contending that amendment is improper.  It also objects to the Magistrate Judge's recommendation to certify a conditional collective class, arguing that the Magistrate Judge erred in failing to recognize the individual nature of the class.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive' matters are covered by § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a).  On review of a decision of a magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).  The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential.  *Roble v.Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007).  With respect to dispositive motions, a magistrate judge lacks authority to do anything but make recommendations, which are subject to *de novo* review.  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1).

The Court has conducted a *de novo* review of the class certification issue and agrees with the Magistrate Judge that a collective action should be conditionally certified for the reasons set forth in the Magistrate Judge's findings and recommendations.

Although the Eighth Circuit has not articulated a standard for conditionally certifying FLSA classes, the majority of the district courts in the Eighth Circuit use the two-step analysis set out in *Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14  (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).  *See Haworth v. New Prime, Inc.*, 448 F. Supp. 3d 1060, 1066 (W.D. Mo. 2020); *Kautsch v. Premier Commc'ns*., 504 F. Supp. 2d 685, 688-89 (W.D. Mo. Jan. 23, 2007) (collecting cases).  The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class.  *Mooney*, 54 F.3d at 1213-14.   The sole consequence of conditional certification under § 216 is the sending of court-approved written notice to employees who in turn become parties to a collective action only by filing written consent with the court.  *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1043 (2016).

Here, there is evidence that the putative class members were victims of a single decision, policy, or plan, and that a common policy or practice exists regarding the classification of owner-operator drivers as independent contractors.  The plaintiff has sufficiently shown that other owners-operators may want to participate in this action.

The Court rejects the defendant's argument that the individualized nature of the putative plaintiffs' claims must be considered by the court at the conditional certification stage.  Those arguments relate more to a Federal Rule of Civil Procedure 23 class action analysis than to the evaluation of a collective action under 29 U.S.C. § 216(b).  *See Grayson v. K Mart*, 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).  The

3

issue of whether a worker was improperly classified as an independent contractor is a merits determination and should not be evaluated at the notice stage of conditional certification. *See Mooney,* 54 F.3d at 1214. The Court should address arguments that go to the merits of a claim after discovery at the decertification stage. *Id.*

Further, the Court finds no error of fact or law in the Magistrate Judge's conclusion that the plaintiff had good cause to amend his complaint based on case law decided after the action was filed. The Court also agrees with the Magistrate Judge's finding that the defendant would not be prejudiced because the merits phase of this lawsuit, including discovery, has yet to begin. Accordingly, the defendant's objections to the Magistrate Judge's order granting leave to amend and to the recommendations on collective class certification will be overruled.

IT IS ORDERED:

1. Defendant Werner Enterprises, Inc.'s objections, (Filing Nos. 96, 97 & 98) are overruled.

2. The Findings and Recommendations of the Magistrate Judge (Filing No. 92) and the Supplemental Findings and Recommendations of the Magistrate Judge (Filing No. 9) are adopted in all respects.

3. The Order of the Magistrate Judge (Filing No. 92) granting The plaintiff's motion to amend (Filing No. 76) is affirmed.

4. Defendant's Objection to Findings and Recommendation (Filing No. 100) is denied as moot.

5. The plaintiff's motion for certification as a collective action under the Fair Labor Standards Act (Filing No. 64) is granted in part, as set forth in the

4

Magistrate Judge's Order and Findings and Recommendations (Filing No. 92).

6.      The defendant's motion to strike (Filing No. 82) is denied as moot.

7.      The parties' joint motion to correct the recommended FLSA class definition and to revise the class notice (Filing No. 98) is granted.

8.      An FLSA class is conditionally certified in this action on behalf of:

>    (1)     all current and former drivers classified as independent contractors who transported Defendant's truckload shipments anytime between May 30, 2015, and May 30, 2019, using trucks they purchased from Defendant; and
>
>    (2)     all current and former drivers classified as independent contractors who transported Defendant's truckload shipments any time between November 12, 2016, through May 30, 2019, using trucks they leased or purchased from a person or entity other than Defendant.
>    All current and former drivers who own or owned more than one truck at a time or who employed drivers to drive their trucks are excluded from both classes.

9.      The proposed notice attached to the Magistrate Judge's Order And Supplemental Findings And Recommendation (Filing No. 99) is approved and shall be used to send notice to class members in the manner set forth in the Magistrate Judge's Order and Findings and Recommendation (Filing No. 92).

Dated this 18th day of November, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

5