IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MIDGETT, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.<br><br>Defendant. | 8:18CV238<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Werner Enterprises, Inc.'s ("Werner") motion to dismiss, Filing No. 103. This is conditional collective class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a putative Federal Rule of Civil Procedure 23 class-action suit for violations of the Nebraska Wage Payment and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201, *et seq.*

I.  BACKGROUND

In Plaintiff Midgett's Third Amended Complaint, the plaintiff alleges in Count I that defendant Werner Enterprises, Inc. ("Werner") improperly classified him and other similarly situated truckdrivers as independent contractors rather than employees and failed to pay minimum and overtime wages in violation of the FLSA and the NWHA. Jurisdiction over Count I is premised on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question jurisdiction) and jurisdiction over Count II is premised on 28 U.S.C. § 1367 as a pendent claim.

This Court conditionally certified a collective class under the FLSA on behalf of:

(1) all current and former drivers classified as independent contractors who transported Defendant's truckload shipments anytime between May 30, 2015, and May 30, 2019, using trucks they purchased from Defendant; and

1

>(2) all current and former drivers classified as independent contractors who transported Defendant's truckload shipments any time between November 12, 2016, through May 30, 2019, using trucks they leased or purchased from a person or entity other than Defendant.
>
>All current and former drivers who own or owned more than one truck at a time or who employed drivers to drive their trucks are excluded from both classes.

Filing No. 99, Supplemental Findings and Recommendations ("F&R"); *see* Filing No. 102, Memorandum and Order at 2-4; Filing No. 92, F&R at 4-6. The plaintiff also sought certification of a class under Fed. R. Civ. P. 23 with respect to the Nebraska claim. Filing No. 92, F&R at 7. The Court denied the motion without prejudice to reassertion, finding that the "prudent course at this point is to deny the motion for Rule 23 class certification until the time for persons to "opt in" to the collective action has closed." *Id.* at 8. Midgett alleges that he worked "across the country." Filing No. 93, Third Amended Complaint at 3.

The defendant moves to dismiss the NWHA claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), contending that the plaintiff does not have standing to assert the claim. Werner argues that Midget does not have standing because he concedes he is a Georgia resident and does not allege that he worked in Nebraska. It asserts that the NWHA does not apply to a non-resident who does not work in Nebraska.

In opposition to the motion, the plaintiff submits deposition testimony, the Werner owner-operator agreement, excerpts from the Werner owner-operator handbook excerpts, and a compilation of owner-operator settlement statements. Filing No. 109-1 to 109-6., Exs. 1-6. The evidence shows that plaintiff Christopher Midgett made trips in Nebraska. *See* Filing No. 109-5, Owner Operator Settlement at 2-6. The record also shows that Werner's headquarters are located in Nebraska. Filing No. 109-1, Ex. 1, Deposition of Chad Dittberner ("Dittberner Dep.") at 18. Werner's senior management is located in Nebraska. *Id.* at 22. The computer system that Werner uses to calculate owner-operators' pay is

located in Nebraska. Filing No. 109-2, Ex. 2, Deposition of Steven Tisinger at 115-16. All data concerning drivers is housed in servers in Nebraska. *Id.* at 16. Defendant Werner issues 1099s to owner operators from Nebraska. *Id.* at 42. Owner-Operators receive their pay from Werner's headquarters in Nebraska; and truck routes are dispatched to drivers from Nebraska. Filing No. 109-1, Ex. 1, Dittberner Dep. at 8. The Werner Owner Operator Agreement states that the agreement is governed by the law of Nebraska. Filing No. 109-3, Ex. 3, Agreement at 9.

II.     LAW

Jurisdiction is a threshold issue for this Court. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). The party seeking to invoke federal jurisdiction carries the burden of proof on that issue. See *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.*

The heart of standing "is the principle that in order to invoke the power of a federal court, a plaintiff must present a 'case' or 'controversy' within the meaning of Article III of the

3

Constitution." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). To satisfy the constitutional minimum of standing, a plaintiff must allege and show: 1) an injury in fact; 2) that is fairly traceable to the challenged action of the defendant, and 3) is likely to be redressed by a favorable decision. *Braden*, 588 F.3d at 591. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice to confer standing. *Id.* "The complaining party must . . . show that he is within the class of persons who will be concretely affected." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982). If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). Therefore, a standing argument implicates Rule 12(b)(1). *Id.*

The constitutional requirement of standing is equally applicable to class actions. *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010*); Lewis v. Casey*, 518 U.S. 343, 357 (1966) (noting the requirement of a named plaintiff's standing is no different in the class action context). A class action is a representative action brought by a named plaintiff or plaintiffs*. Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 364 (3d Cir. 2015). "Named plaintiffs are the individuals who seek to invoke the court's jurisdiction and they are held accountable for satisfying jurisdiction." *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 364 (3d Cir. 2015). A class action is permissible so long as at least one named plaintiff has standing. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-494 (2009); *see also Horne v. Flores,* 557 U.S. 433, 445 (2009) ("[I]n all standing inquiries, the critical question is whether at least one petitioner has 'alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'").

Generally, as a constitutional issue, "named plaintiffs generally lack standing to assert class-wide claims under laws of states with which they have no connection." *In re EpiPen Direct Purchaser Litig.*, No. 20-CV-0827 (ECT/TNL), 2021 WL 147166, at *16 (D. Minn. Jan. 15, 2021) (quoting *Hunnicutt v. Zeneca, Inc.*, No. 10-CV-708-TCK-TLW, 2012 WL 4321392, at *5 (N.D. Okla. Sept. 19, 2012); *see also Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, No. 13-cv-2664 (ADM/SER), 2014 WL 943224, at *11 (D. Minn. Mar. 11, 2014); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152–55 (E.D. Pa. 2009); *Stone v. Crispers Restaurants, Inc.*, No. 6:06-CV-1086-Orl-31KRS, 2006 WL 2850103 (M.D. Fla. Oct. 3, 2006) (finding the plaintiff never worked in any state other than Florida so he lacked standing to bring wage claims under the laws of Alabama, Georgia, South Carolina, or Tennessee.); *Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 CJS, 2006 WL 1704477 (W.D. N.Y. Jun. 15, 2006) (finding the plaintiff lacked standing to assert state-law claims arising under the laws of other states than New York because he was never employed by the defendant anywhere other than New York.); *In re HSBC Bank*, 1 F. Supp. 3d 34, 49-50 (E.D. N.Y. 2014) (finding plaintiffs may only assert a state claim if a named plaintiff resides in, does business in, or has some other connection to the state.)

Ordinarily, a court "must be sure of its own jurisdiction before getting to the merits." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999). However, "class certification issues are 'logically antecedent' to Article III concerns, and themselves pertain to statutory standing, which may be treated before Article III standing. *Id.* (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 612 (1997)). "Representative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." 7AA Wright *et al.*, Federal

5

Practice and Procedure (3d. ed. 2005) § 1758.1 at 388–89.

The NWHA defines the "employees" who can bring suit, and such employees are defined as "any individual employed by any employer. . ." Neb. Rev. Stat. § 48-1202(3). That definition is not limited to those who reside in Nebraska. Although the NWHA excludes certain individuals, such as . . . from the statutory definition, none of the exclusions are territorial in nature or otherwise apply in this case. See id. "The general rule governing the issue of extraterritorial application is that statutes enacted by a state legislature apply to all rights which, and all persons who, come within the limits of the state." See Harper v. Silva, 399 N.W.2d 826, 829 (Neb. 1987).

III. Discussion

The Court finds that Werner's motion to dismiss for lack of subject matter jurisdiction should be denied. There is no dispute that this Court has jurisdiction over the parties and the federal claim. Werner's argument with respect to the state law claim is based on an assumption—that Midgett never worked in Nebraska—that turns out to be incorrect. The record shows, by way of Werner's own documents, that Midget did work in Nebraska. He is party to a contract that specifies the choice of law is the law of Nebraska. He has contracted with a firm headquartered I Nebraska, with its principal base of operation in the state. There are records indicating that Midget originated trips and delivered to Nebraska. Midgett has standing to prosecute his Nebraska law claim. The facts in this case are far from those in cases that have found standing lacking due to an absence of any connection to the state.

In response to the defendant's motion, Midgett has presented evidence that satisfies the prerequisites of standing. He alleges a concrete injury caused by the defendants' actions that will be redressed should he prevail. As the named plaintiff, Midgett has standing to prosecute the action as a class action. It is premature to consider other issues related to

Rule 23 class action certification at the present time. Those issues can properly be addressed at the Rule 23 class certification stage of the proceedings. Because the same discovery and evidence are relevant to both the federal and state claims, it makes no difference to the parties that the determination be made at this point. Also, the FLSA claim has been conditionally certified and any concerns can be addressed at the point of final collective class certification. Accordingly,

IT IS ORDERED:

1. Defendant Werner Enterprises, Inc.'s motion to dismiss (Filing No. 103) is denied.

2. Defendant Werner Enterprises Inc. shall answer or otherwise plead within two weeks of the date of this order.

Dated this 23rd day of April 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge