IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER MIDGETT, individually and on behalf of similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendant. | Case No. 8:18 cv 238<br><br>**ORDER REGARDING SUPPLEMENTATION OF OPT-IN DISCOVERY RESPONSES** |

THIS MATTER came before the Court at the request of Defendant Werner Enterprises, Inc. for an order directing certain identified opt-in Plaintiffs to provide supplemental responses to written discovery requests served by Werner in August, 2021. The Court, being fully advised in the premises, finds that Werner served its First Set of Interrogatories and First Set of Requests for Production of Documents to 15 opt-in Plaintiffs in August, 2021. Following service of objections, the Court held a discovery conference on November 22, 2021, overruled Plaintiffs' objections, and entered a Text Order (Filing 149, hereinafter, the "Discovery Order") directing the identified opt-in Plaintiffs to provide full and complete responses to Werner's discovery requests on or before December 7, 2021. The parties thereafter mutually agreed to extend Plaintiffs' deadline to December 21, 2021. (See Filing 150, Third Amended Final Progression Order, ¶1). However, certain opt-in Plaintiffs have failed to provide supplemental responses as previously directed by the Court in its Discovery Order. Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The parties' deadline to complete mediation is extended from April 15, 2022 to August 31, 2022, to allow sufficient time for the completion of opt-in discovery, including supplementation of written discovery and depositions of opt-in class members.

2. On or before April 1, 2022, Plaintiffs shall produce the following information for the identified opt-in Plaintiffs:

1

a.  **Carlos Avila**
   i.  Responses, without objections, to Werner's First Set of Requests for Production of Documents, including documents in Mr. Avila's possession, custody or control responsive to each request.
   ii. A supplemental Answer to Interrogatory No. 2, identifying the documents evidencing the expenses referenced in Mr. Avila's Answer to Interrogatory No. 2. If there are no such documents, the Answer to Interrogatory No. 2 shall be amended to so indicate.
   iii. A supplemental Answer to Interrogatory No. 4, which was previously left blank.

b.  **Myron Brooks**
   i.  Responses, without objections, to Werner's First Set of Requests for Production of Documents, including documents in Mr. Brook's possession, custody or control responsive to each request.
   ii. A supplemental Answer to Interrogatory No. 2, identifying the documents evidencing the expenses referenced in Mr. Brook's Answer to Interrogatory No. 2. If there are no such documents, the Answer to Interrogatory No. 2 shall be amended to so indicate.

c.  **Joseph Clervin**
   i.  Answers to Werner's First Set of Interrogatories.
   ii. Responses to Werner's First Set of Requests for Production of Documents, including documents in Mr. Clervin's possession, custody or control responsive to each request.

d.  **Jose Fonseca**
   i.  Federal tax returns for tax years 2016, 2017, and 2018, as requested in Werner's Request for Production No. 2.
   ii. A state tax return for tax year 2018.
   iii. Any separate tax returns filed for Mr. Fonseca's LLC, Luna Logistics, LLC, for tax years 2015-2018.

e. **Gerald Groon**
   i. Responses, without objections, to Werner's First Set of Requests for Production of Documents, including documents in Mr. Groon's possession, custody or control responsive to each request.
   ii. A supplemental Answer to Werner's Interrogatory No. 2, identifying the documents evidencing the expenses referenced in Mr. Brook's Answer to Interrogatory No. 2. If there are no such documents, the Answer to Interrogatory No. 2 shall be amended to so indicate.

f. **Ditran Kutroli**
   i. Responses, without objections, to Werner's First Set of Requests for Production of Documents, including documents in Mr. Kutroli's possession, custody or control responsive to each request.
   ii. A supplemental Answer to Werner's Interrogatory No. 2, identifying the documents evidencing the expenses referenced in Mr. Kutroli's Answer to Interrogatory No. 2. If there are no such documents, the Answer to Interrogatory No. 2 shall be amended to so indicate.
   iii. An answer to Werner's Interrogatory No. 4, which was previously left blank.
   iv. A complete answer to Werner's Interrogatory No. 5, including subparts.

g. **Dana Moulton:**
   i. Mr. Moulton's individual federal tax returns for 2014-2016 and 2019-2020.
   ii. Corporate tax returns for Mr. Moulton's company, Moulton Trucking, for tax years 2014 and 2015.

h. **Thomas Newman:**
   i. Answers to Werner's First Set of Interrogatories.
   ii. Responses to Werner's First Set of Requests for Production of Documents, including documents in Mr. Newman's possession, custody or control responsive to each request.

i. **Abraham Ortega:**
   i. Mr. Ortega's individual state tax returns for tax years 2014 - 2020.

    **j. Alan Pogue:**

        i. Mr. Pogue's state tax return for tax year 2020.

    **k. Brandon Powell:**

        i. Answers to Werner's First Set of Interrogatories

        ii. Responses to Werner's First Set of Requests for Production of Documents, including documents in Mr. Newman's possession, custody or control responsive to each request.

    **l. Miriam Richardson:**

        i. Ms. Richardson's federal and state tax returns for tax years 2018, 2019, and 2020.

3. To the extent the identified opt-in Plaintiffs are not in possession of the specified tax returns, they shall complete and return authorizations on or before April 1, 2022, allowing Werner's counsel to obtain that information directly from the relevant state or federal taxing authority.

4. Werner is granted leave to file a Motion to Dismiss any opt-in Plaintiff to whom written discovery requests have been served and who has not provided full and complete responses in accordance with the Court's previous Discovery Order and in accordance with this Order. Said Motion shall be filed on or before May 6, 2022.

DATED this 30th day of March, 2022.

IT IS SO ORDERED.

        BY THE COURT:

        s/ Susan M. Bazis
        United States Magistrate Judge