IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH ELLIS, individually, and on behalf of similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC.,<br><br>Defendant. | CASE NO. 8:18-cv-00238<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the parties' motion for final settlement approval. Filing No. 231. The settlement resolves a certified FLSA collective action and putative Rule 23 class action for federal and state wage and hour claims, involving Named Plaintiff Deborah Ellis and 195 Opt-In Plaintiffs, for a total payment of $750,000.00. The Court has reviewed the paperwork submitted with the settlement and the Court conducted a final fairness hearing on June 1, 2023. The Court hereby grants the parties' motion and approves the settlement.

I.   **BACKGROUND**

On February 14, 2023, this Court granted preliminary approval of the settlement finding, among other things, that the settlement "is a fair and reasonable resolution of the parties' bona fide dispute." Filing No. 229. The Court ordered the parties to provide settlement notice to class members, including information regarding their right to exclude themselves from or object to the settlement. *Id*. Notice was sent to the Class and the settlement has been well received. No class member submitted an objection. (Declaration of Lindsay Kline, Filing No. 232-1, ¶ 13). One class member elected to proceed with his

1

claim on an individual basis before notice was sent and only one other class member opted out of the settlement. (*Id.*, ¶ 12).

The Settlement Agreement provides compensation in the total amount of $750,000.00 to the settlement class, which is comprised of 195 individuals. Filing No. 228-2, Settlement Agreement. The average settlement share, free and clear of fees and costs, is $2,071.88 with several class members with the most damages receiving as much as $10,000. (Declaration of Lindsey Kline, ¶ 16). The agreement provides for an award of attorney's fees in the amount of $250,000.00 plus reasonable expenses. *Id.* at 2. The agreement also provides for service awards of $1,000 to Named Plaintiff and the five discovery Plaintiffs who each provided documents and sat for depositions.

At the preliminary approval stage, the Court found that:

> [T]he Settlement Agreement is the result of arms' length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular. The Court further finds that the Settlement Agreement provides adequate relief to the Class Members considering the costs, risks, and delay associated with trial and appeal, as well as the effectiveness of the proposed distribution of settlement payments to Class Members. The Court further finds that preliminary approval of the Settlement is supported by the terms of the proposed award of Attorneys' Fees and costs and proposed service awards.
>
> The Settlement Agreement treats Class Members as fairly as possible relative to each other because settlement payments are

> based on an equitable formula taking into account the amount of time worked, the individual weekly amounts of expenses incurred and payments made to the Class Members, and the claims asserted in the litigation.

Filing No. 229 at 1-2.

The Court finds that after providing the class the opportunity to weigh in on the settlement, the settlement has been well received with zero objections. Based on the Court's findings at the preliminary approval stage and the positive response which the settlement has received from class members, the Court finds that the parties' settlement is a reasonable resolution of a bona fide dispute in contested litigation. The settlement class alleges that defendant failed to pay wages required under the FLSA and Nebraska law and the defendants deny any wrongdoing and maintain they complied at all times with applicable law.  The parties have shown in this case that a fair compromise at this juncture is more beneficial to the class members and the defendants, given the time, expense, and uncertainty of further litigation. The Settlement Agreement obviates the real risks to both parties that are inherent to the continued litigation of the matter. The parties have shown the Settlement Agreement is the product of arms' length negotiations by experienced counsel and it provides meaningful monetary relief to the Settlement Class.

The Court finds that Plaintiffs' counsel's fee request is reasonable and appropriate in that it constitutes one-third of the common fund and their lodestar significantly exceeds their fee request.

The Court finds that the service awards of $1,000 to the Named Plaintiff and each of the discovery Plaintiffs is reasonable as each of these individuals contributed time and

effort, including sitting for a deposition, that ultimately led to a successful settlement of the case.

IT IS ORDERED:

1. The parties' motion for approval of the parties' collective class settlement is granted and the Court finally approves the settlement.

2. The claims of Named Plaintiff and the Opt-In Plaintiffs are dismissed with prejudice. The claims of Opt-Out, Ditran Kutroli, are dismissed without prejudice. The only remaining claim is the individual claim of Christopher Midgett.

3. The parties Settlement Agreement (Filing No. 228-2) is approved and is incorporated herein as if fully set forth.

4. The Court approves the contemplated service awards of $1,000.00 to Named Plaintiff and the five discovery plaintiffs.

5. Attorneys' fees in the amount of $250,000.00 are approved as well as $44,496.20 in reasonable expenses.

6. The Court retains jurisdiction to enforce the terms of the agreement.

7. A judgment in accordance with this memorandum and order will be entered.

Dated this 1st day of June 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge